**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

AUSTIN OBODAI,

               Plaintiff,

    -against-

YOUTUBE LLC; GOOGLE INC.,

             Defendants.

------------------------------------------------------------------

Civil Action Number: 1:11-cv-04343-DLC

**ECF Case**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

I.      INTRODUCTION

The Plaintiff, Austin Obodai, is suing YouTube because someone posted several

paragraphs of virtually nonsensical text from Mr. Obodai's website, www.choicehow.com, as

comments on a YouTube user's web page.  Mr. Obodai's website, ChoiceHow, is what is

sometimes referred to as a "content farm," typically a website populated with snippets of text and

advertisements, designed to attract search engine traffic from users searching for words

contained in that text, in hopes the users will then click on the ads and generate a small amount

of revenue.

According to Mr. Obodai's Complaint, he first published the three "literary works" at

issue in this case to his website on December 6, 2009 ("How to Make an Excellent Digital

Scrapbook"), June 16, 2010 ("How to Gain Good Nutrients"), and September 21, 2010 ("How to

Calcify Bones").  Complaint, ECF No. 2 at ¶¶ 12-14.  For example, the work "How to Gain

Good Nutrients," which appears in Exhibit 1 to the Complaint, reads, in its entirety:

> Nutrients are essentially important and humans need enough of them.  Even dogs
> and cats need to consume foods which contain enough nutrients in order to survive for
> years.  If your pets cannot grow big without being fed foods which contain enough fats,
> then you certainly need to avoid devaluing essential nutrients.  Any man or woman who
> plans to grow a healthy body system should not underestimate the effectiveness of good
> nutrients which are likely to be packed inside foods.  Essentially, you should be planning
> to eat foods which contain good nutrients if you want to maintain a very strong body for
> many years.  While some kinds of foods may not make you necessarily strong, they will
> help you to duck starvation on a daily basis.  Check out the essential details below if you
> want to gain good nutrients in the future.
>
> Tips
> - Gaining good nutrients through eating foods containing carbohydrates,
>   proteins and fats will be possible when living in a non-starving world.
>   Well, if you are not living in a non-starving world, you will have access to
>   foods most of the time.  However, having access to food may not elevate
>   your chances of gaining a healthy body system.  Human beings are
>   guaranteed long lives based on the number of foods they can save

everyday.  Your body system will not become a healthy one if you are constantly filling it with an awful lot of sugary foods, will it?  Diabetes is a disease that makes it uneasy for some people to consume foods that contain adequate sugar.  You are only going to gain good nutrients if you are substituting steak for carrots.  Good nutrients come from only vegetables.  Start cooking with vegetables and avoid depending on red meat.

- Also, gaining good nutrients will not become a problem for you especially when eating well-balanced diets for consecutive years.  Malnourished people aren't likely to have access to well-balanced diets if they are located in poor countries around the world.  Some Liberians in West Africa are still poor and unable to afford three-course meals.

On May 24, 2011, an anonymous YouTube user using the screen name "The Jackjai1" cut-and-pasted pieces of those three works into seven separate "comments" on a YouTube webpage created by another YouTube user (http://www.youtube.com/user/wastelanddweller). *Id.*  That webpage hosts a small selection of videos posted by that other YouTube user.  There is no apparent (or conceivable) connection between the video content on that page and the text apparently copied from Mr. Obodai's webpage and pasted there.  But Mr. Obodai discovered the alleged copying in a heartbeat:  on the *same day* the material appeared in comments on an obscure YouTube page, Mr. Obodai sent YouTube a Digital Millenium Copyright Act ("DMCA") Complaint.  Complaint ¶15, Request for Judicial Notice Ex. 1.[1]

YouTube acknowledged receipt of that complaint the same day, and on May 29, 2011, responded with a request for additional information needed to process the complaint.  *Id.*  Rather than respond to that request, however, Mr. Obodai promptly filed his Complaint in this action on

---

[1]  Apparently "The Jackjai1" posted the material to YouTube from an Internet Protocol (IP) address assigned to the Bronx branch of the New York Public Library in Mr. Obodai's neighborhood.  Later that same day, Mr. Obodai submitted his DMCA complaint from an IP address corresponding to his nearby home.

June 1, 2011.  In response, YouTube has removed the allegedly infringing material, despite Mr.

Obodai's refusal to respond to that request for information.

Mr. Obodai cannot maintain a copyright action against YouTube if—as we suspect—he

was involved in creating the alleged infringement.  Neither can he play "gotcha" by filing suit as

soon as YouTube requests additional information in the course of processing his takedown

demand.  But for purposes of *this* motion, the Court need not reach such issues.  Mr. Obodai's

Complaint must be dismissed for a much simpler and incurable reason:  The allegedly infringed

works have not been registered with the United States Copyright Office, and thus Mr. Obodai

cannot bring or maintain a claim for infringement.

## II.     ARGUMENT

The Copyright Act states in part, "no action for infringement . . . shall be instituted until

registration of the copyright claim has been made in accordance with this title."  17 U.S.C. §

411(a).  It is black letter law that registration of the work at issue is a prerequisite to suit, and

courts must dismiss actions based on unregistered works.  *Reed Elsevier, Inc. v. Muchnick*,

___U.S. ___, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010) (Section 411(a) of the Copyright

Act "requires copyright holders to register their works before suing for copyright

infringement."); *see also Whimisicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 453 (2d

Cir.1989) (registration is prerequisite to copyright infringement claim); *K-Beech, Inc. v. Does 1-*

*29*, Case No. CV 11-3331, 2011 WL 4401933 (E.D.N.Y., Sept 19, 2011) (dismissing suit for

failure to register); *Tuff–N–Rumble Mgmt., Inc. v. Sugarhill Music Publ'g Inc.*, 49 F. Supp. 2d

673, 677 (S.D.N.Y.1999) ("[D]istrict courts are without subject matter jurisdiction to hear claims

for federal copyright infringement unless a party asserts in its pleadings that he has received an

actual certificate of registration or its denial from the Copyright Office.")[2]; *Noble v. Town Sports Int'l, Inc.*, Case No. 96 CIV 4257, 1998 WL 43127, at *1 (S.D.N.Y. Feb. 2, 1998) (dismissing Copyright Act claim for lack of registration); *Nat'l Ass'n of Freelance Photographers v. Associated Press*, Case No. 97 CIV 2267, 1997 WL 759456, at *12 (S.D.N.Y. Dec. 10, 1997) ("[A]n action for copyright infringement cannot be asserted unless a certificate of registration has been *issued*"); *Robinson v. Princeton Review*, Case No. 96 CIV 4859, 1996 WL 663880, at *7-8 (S.D.N.Y. Nov. 15, 1996) (same).

Mr. Obodai does not plead, and cannot plead, that any of the three works at issue have been registered.  Instead, Mr. Obodai's Complaint pleads that "On May 20, 2009, the United States Copyright Office (USCO) received Plaintiff's official submittal for the registration to the [unspecified] works . . . ."  Complaint ¶10 and Exhibit A.  This is the *only* copyright registration that is pleaded (and, indeed, is the only one that appears in the Copyright Office records for Mr. Obodai, "ChoiceHow," or "HEPTAD").  That registration cannot cover any of the works Mr. Obodai is now claiming to be infringed for one simple reason: because they did not exist at the time of registration.  We know this because Mr. Obodai's Complaint affirmatively pleads the dates on which he created and published each of the three works at issue: December 6, 2009 ("How to Make an Excellent Digital Scrapbook"), June 16, 2010 ("How to Gain Good Nutrients"), and September 21, 2010 ("How to Calcify Bones").  Complaint ¶¶ 12-14.  Because Mr. Obodai's only copyright registration predates the creation of the earliest of the three works at issue, those works are unregistered.  And because they are unregistered, the Complaint must be dismissed.

---

[2] Prior to *Reed Elsevier*, courts in the Second Circuit and elsewhere held that failure to register divested the court of subject matter jurisdiction.  In *Reed Elsevier,* the Supreme Court clarified that registration was an essential element of a copyright claim, not a jurisdictional requirement, *Reed Elsevier*, 130 S. Ct. 1237, 1241; *K-Beech, Inc.*, 2011 WL 4401933, at *1.

Neither is this merely a curable failure of pleading.  Mr. Obodai has done more than simply fail to plead registration:  He has affirmatively pled facts that establish the *lack* of registration.  The only alleged registration he pleads, and the only one on record with the Copyright Office, is for different works, and was filed seven months *before* Mr. Obodai created the *first* of the three works at issue.  As a result, leave to amend would be futile:  Mr. Obodai cannot erase his existing averments, and thus cannot plead facts (such as earlier publication dates) that would cure the defect of the current pleading.

## III.     CONCLUSION

Copyright registration is an absolute prerequisite to a copyright suit, and the works at issue in this action have not been registered.  Accordingly, we ask that the Court dismiss this action with prejudice.

DATED:  November 21, 2011

Respectfully submitted,

DURIE TANGRI LLP

By:   */s/ Michael H. Page*
    Michael H. Page *(pro hac vice)*
    mpage@durietangri.com
    Johanna Calabria (JC3915)
    jcalabria@durietangri.com
    Joseph C. Gratz *(pro hac vice)*
    jgratz@durietangri.com
    217 Leidesdorff Street
    San Francisco, CA  94111
    Telephone:  415-362-6666
    Facsimile:  415-236-6300

    Attorneys for Defendants
    YOUTUBE LLC and GOOGLE INC.