```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
AUSTIN OBODAI,                           :
                    Plaintiff,           :
                                         :    11 Civ. 4343 (DLC)
          -v-                            :
                                         :    MEMORANDUM OPINION
YOUTUBE LLC; GOOGLE INC.                 :         & ORDER
                    Defendants.          :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

Pro se plaintiff Austin Obodai ("Obodai") brings this action for copyright infringement pursuant to 17 U.S.C. § 501 against defendants YouTube LLC and Google Inc. Plaintiff claims that the defendants violated his rights as a copyright owner by publishing three "literary works" registered in his name without a license. On December 9, 2011 defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the plaintiff does not plead facts sufficient to show that the works in question are registered by the United States Copyright Office (the "Copyright Office"), the motion to dismiss is granted.

## BACKGROUND

The following facts are taken from the plaintiff's Amended Complaint and the Copyright Office, and are taken to be true for

purposes of this motion.[1]  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  On May 20, 2009, the Copyright Office received an application for registration of a website titled "http://www.choicehow.com."  The application indicates that the work to be copyrighted was created in 2008.  The Copyright Office issued a registration for the work on May 26, 2009.

On various dates between December 2009 and September 2010, plaintiff published three "literary works" entitled, respectively, "How to Make an Excellent Digital Scrapbook," "How to Gain Good Nutrients," and "How to Calcify Bones."  On May 24, 2011, these works were posted in a "comments" section on the website www.youtube.com.  On May 29, 2011, Obodai filed a takedown notice pursuant to the Digital Millennium Copyright Act of 1998, Pub. L. 105-304, 112 Stat. 2860 (1998).  The works were removed from www.youtube.com in October 2011.

Obodai brought this action on June 1, 2011.  On November 21, defendants filed a motion to dismiss the complaint on grounds that plaintiff had not successfully pled that the "literary works" were registered by the Copyright Office.

---

[1] On December 9, 2011, the Court took judicial notice of a true and correct copy of the Copyright Office's online record of plaintiff's May 26, 2009 copyright registration, downloaded by defense counsel on November 10, 2011, from http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First.

Through an order of November 22, plaintiff was given an opportunity to amend his complaint or oppose the motion.  Obodai filed the Amended Complaint on November 29 and the defendants moved to dismiss on December 8.  That motion became fully submitted on December 20.

## DISCUSSION

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (citation omitted).  Applying this plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.

When considering a motion to dismiss under Rule 12(b)(6), the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro, 570 F.3d at 475 (citation omitted).  Pleadings filed by pro se plaintiffs are to be construed liberally.  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

Copyright holders are generally required to register their works prior to suing for infringement. Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1241 (2010). Under rules promulgated by the Copyright Office, registration of online works other than computer programs and databases extends only to the copyrightable content of the work "as received in the Copyright Office and identified as the subject of the claim." United States Copyright Office Circular 66: Copyright Registration for Online Works, at 1 (May 2009) (emphasis omitted). Furthermore, for published works, "the registration should be limited to the content of the work asserted to be published on the date given on the application." Id. (emphasis omitted).

According to the Amended Complaint, plaintiff submitted his registration for the work "www.choicehow.com" on May 20, 2009 and that work was registered on May 26. But, plaintiff does not allege that any of the three "literary works" upon which he rests his claim of infringement was created before May 20, 2009, submitted to the Copyright Office in his application of May 20, 2009, or registered by the Copyright Office at any time before he filed this lawsuit. He alleges only that he published his three "literary works" on various dates between December 2009 and September 2010. Plaintiff therefore does not plead facts sufficient to establish that the three "literary works" at issue

4

were registered with the Copyright Office prior to the filing of this lawsuit.

Plaintiff was put on notice of this defect in his pleadings through the defendants' first motion to dismiss of November 21, 2011, and has had an opportunity to amend the complaint. His claims are therefore denied with prejudice.

## CONCLUSION

The defendants' December 8, 2011 motion to dismiss is granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court shall close the case.

SO ORDERED:

Dated: New York, New York
December 29, 2011

*Denise Cote*
DENISE COTE
United States District Judge

COPIES MAILED TO:

Austin Obodai
HEPTAD
820 Boynton Avenue, #6B
Bronx, NY 10473-4627

Johanna Calabria
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, CA 94104